IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JOSEPH IP, <br> Defendant. | Criminal No. 1:21-cr-259 <br><br> Count 1: 18 U.S.C. § 371 <br> Conspiracy to Smuggle Silencers <br><br> Count 2: 18 U.S.C. § 545 <br> Smuggling Silencers <br><br> Count 3: 18 U.S.C. § 922(g)(1) <br> Felon in Possession <br><br> Forfeiture Notice |

INDICTMENT

November 2021 Term – at Alexandria

Count One

THE GRAND JURY CHARGES THAT:

From on or about November, 2020, through on or about January 19, 2021, in Alexandria, Virginia, within the Eastern District of Virginia and elsewhere, the defendant, JOSEPH IP, did knowingly combine, conspire, confederate, and agree with others unknown to the grand jury, to knowingly and willfully, and with intent to defraud the United States, attempt to smuggle and clandestinely introduce into the United States merchandise which should have been invoiced, that is, four unfinished silencers contained in a package from China addressed to the defendant's

residence and not properly manifested as silencers, in violation of Title 18, United States Code, Section 545.

## WAYS, MANNERS, AND MEANS

The primary purpose of the conspiracy was to smuggle silencers into the United States. The ways, manners, and means by which the defendants conducted the conspiracy included the following:

1. It was part of the conspiracy that members of the conspiracy played different roles and took upon themselves different tasks to accomplish the objectives of the conspiracy.

2. It was further part of the conspiracy that members of the conspiracy shipped silencers from China to the United States.

3. It was further part of the conspiracy that members of the conspiracy packaged those silencers in a manner that disguised the fact that they were silencers.

4. It was further part of the conspiracy that members of the conspiracy failed to invoice the silencers shipped from China to the United States.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, the defendant and his co-conspirators committed overt acts in the Eastern District of Virginia and elsewhere, including, but not limited to, the following:

On or about January 19, 2021, members of the conspiracy shipped a package containing four silencers from China to the defendant in the United States.

(All in violation of Title 18, United States Code, Section 371.)

Count Two

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 19, 2021, in Alexandria, Virginia, within the Eastern District of Virginia, the defendant, JOSEPH IP, fraudulently and knowingly did attempt to conceal and facilitate the transportation of merchandise imported contrary to law, that is, four silencers imported from China, to the defendant containing four silencers, then knowing that said merchandise had been imported and brought into the United States contrary to law, in that the defendant was prohibited from importing firearms, including silencers, pursuant to Title 26, United States Code, Sections 5861(a)(d)(f)(i) and (k) and 5844.

(In violation of Title 18, United States Code, Section 545.)

<u>Count Three</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about October 5, 2021, in Alexandria, Virginia, in the Eastern District of Virginia, the defendant, JOSPEH IP, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, specifically Burglary, Possession of Criminal Tools and Attempted Theft on August 20, 1997 in Cuyahoga County Court of Common Pleas; Cleveland, Ohio in Case No.: CR-97-353285-ZA and Receiving Stolen Property on March 14, 2005 in Cuyahoga County Court of Common Pleas; Cleveland, Ohio in Case No.: CR-04-457256-A, did knowingly possess a firearm and ammunition, that is, a Glock 22 .40 caliber firearm with an attached light, serial number FXS620 loaded with 13 rounds of .40 caliber ammunition, 43 rounds of 3.38 special ammunition, 52 rounds of Fiocci .22 caliber ammunition, and 2 rounds of 410 ammunition, said firearm and ammunition having been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

(In violation of Title 18, United States Code, Section 922(g)(1).)

FORFEITURE NOTICE

The GRAND JURY HEREBY FINDS probable cause that the property described in this NOTICE OF FORFEITURE is subject to forfeiture pursuant to the statutes described:

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, defendant JOSEPH IP, is hereby notified that, upon conviction of the offense alleged in Count One of the Indictment the defendant shall forfeit to the United States, pursuant to Title 18 United States Code, Section 981(a)(1)(C) and 28 United States Code, Section 2461(c), any property real or personal which constitutes or is derived from proceeds traceable to the conspiracy.

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, defendant JOSEPH IP, is hereby notified that, upon conviction of the offense alleged in Count Two of the Indictment the defendant shall forfeit to the United States, pursuant to Title 18 United States Code, Sections 982(a)(2)(B) and 545, any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation, and any merchandise introduced into the United States in violation of Section 545, or the value thereof.

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, defendant JOSEPH IP, is hereby notified that, upon conviction of the any offense alleged in the Indictment the defendant shall forfeit to the United States, pursuant to Title 18 United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition used in or involved in the violation.

The property subject to forfeiture includes, but is not limited to, the following:

    a. a Glock 22 .40 caliber firearm with an attached light, serial number FXS620 loaded with 13 rounds of .40 caliber ammunition;

    b. 43 rounds of 3.38 special ammunition;

    c. 52 rounds of Fiocci .22 caliber ammunition; and

    d. 2 rounds of 410 ammunition

Pursuant to 21 U.S.C. § 853(p), defendant JOSEPH IP, shall forfeit substitute property, if, by any act or omission of JOSEPH IP, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with Title 18, United States Code, Sections 924(d)(1), 981(a)(1)(C), 982(a)(2)(B), and 545; Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(p); and Rule 32.2(a) of the Federal Rules of Criminal Procedure)

A TRUE BILL

Foreperson of the Grand Jury

**Pursuant to the E-Government Act, The original of this page has been filed under seal in the Clerk's Office**

Jessica D. Aber
United States Attorney

By: _____
Ronald L. Walutes, Jr.
Assistant United States Attorney